IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KAAVO INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 1:14-cv-1193-LPS-CJB |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| APPFOG, TIER 3, INC., and SAVVIS COMMUNICATIONS CORPORATION | ) |
| | ) |
| Defendants. | ) |
| KAAVO INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 1:14-cv-1192-LPS-CJB |
| v. | ) |
| | ) **JURY TRIAL DEMANDED** |
| COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF KAAVO, INC.'S OPPOSITION TO
DEFENDANTS' MOTION TO STAY**

STAMOULIS & WEINBLATT LLC

Stamatios Stamoulis #4606
Richard C. Weinblatt #5080
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Attorneys for Plaintiff
Kaavo Inc.*


# **TABLE OF CONTENTS**

**Page**

I. NATURE AND STAGE OF PROCEEDINGS .................................................................................1

II. SUMMARY OF THE ARGUMENT..............................................................................................1

III. STATEMENT OF FACTS .............................................................................................................2

IV. LEGAL STANDARD.....................................................................................................................2

V. ARGUMENT ..................................................................................................................................3

    A. Kaavo Will Be Unduly Prejudiced By A Stay Granted To Its Direct Competitors.................3

    B. A Stay Is Unlikely To Simplify The Issues For Trial................................................................4

    C. Whether Discovery Is Complete And A Trial Date Has Been Set ..........................................5

    D. Defendants Do Not Show A Clear Case Of Hardship Or Inequity In Being Required To Go Forward ...............................................................................................................................5

VI. CONCLUSION ...............................................................................................................................5

i

## TABLE OF CITATIONS

**Page(s)**

**Cases**

## TABLE OF CITATIONS

**Page(s)**

**Cases**

*Altoona Publix Theatres, Inc. v. American Tri-Ergon Corp.*, 294 U.S. 477, 487 (U.S. 1935) ............4

*Apeldyn Corp. v. Sony Corp.*, 852 F. Supp. 2d 568, 575-76 (D. Del. 2012) ........................................2

*Continental Can Co. v. Monsanto Co.*, 948 F.2d 1264 (Fed. Cir. 1991)..............................................4

*Cooper Notification, Inc. v. Twitter, Inc.*, No. 09-865-LPS, 2010 WL 5149351 (D. Del. Dec. 13, 2010).................................................................................................................................................5

*Coyle v. Hornwell Brewing Co.*, No. 08-2797 (JBS/JS), 2009 WL 1652399 (D.N.J. June 9, 2009)...2

*Enhanced Sec. Research, LLC v. Cisco Sys., Inc.* Civ. No. 09–571, 2010 WL 2573925 (D. Del. June 25, 2010 ..................................................................................................................................2, 4

*Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453 (D.N.J. Dec. 11, 2007) ...........2

*ImageVision.Net, Inc. v. Internet Payment Exchange, Inc.*, No. 12–054-GMS-MPT, 2012 WL 5599338 at *4 (D. Del. Nov. 15, 2012).........................................................................................3

*Landis v. North Am. Co.,* 299 U.S. 248 (1936)....................................................................................2

*Nidec Corp. v. LG Innotek Co. Ltd.*, Civil Action No. 6:07cv108, 2009 WL 367433 (E.D. Tex. Apr. 3, 2009).........................................................................................................................................3

*North Am. Commc'ns, Inc. v. InfoPrint Solutions Co., LLC*, Civil Action No. 3:08-288, 2011 WL 4571727 (W.D. Pa. July 13, 2011).................................................................................................4

*Panduit Corp. v. Dennison Mfg., Co.*, 810 F.2d 1561 (Fed. Cir. 1987) ..............................................3

*SenoRx, Inc. v. Hologic, Inc.*, No. 12-173-LPS-CJB, 2013 WL 144255 (D. Del. Jan. 11, 2013) .......4

*St. Clair Intellectual Prop. Consultants, Inc. v. Fujifilm Holdings, Corp.*, No. 08-373-JJF-LPS, 2009 WL 192457 (D. Del. Jan. 27, 2009)................................................................................................3

**Statutes**

35 U.S.C. § 282 ................................................................................................................................3, 4

**Rules**

FED. R. CIV. P. 26...............................................................................................................................2

## I.   NATURE AND STAGE OF PROCEEDINGS

On September 15, 2014, Plaintiff Kaavo Inc. ("Kaavo") filed Complaints for infringement of U.S. Patent No. 8,271,974 (the "'974 patent") against Defendants Savvis Communications Corporation and CenturyLink, Inc. (D.I. 1)[1], who later was substituted for Defendants AppFog, Inc. and Tier 3, Inc. through a stipulation (D.I. 10). Also on September 15, 2014, Kaavo filed two additional infringement Complaints for the '974 patent against BMC Software, Inc. ("BMC") and Cognizant Technology Solutions Corporation ("Cognizant").[2] Following a first Rule 12(b)(6) Motion by the AppFog defendants (D.I. 12) and a Second Amended Complaint by Kaavo (D.I. 18), the AppFog defendants filed a second Rule 12(b)(6) Motion on February 2, 2015, as well as the Motion to Stay that is the subject of this Opposition. On February 3, 2015, Defendant Cognizant filed a Rule 12(c) Motion and a Notice of Joinder in the AppFog Motion to Stay. (C.A. No. 14-1192-LPS-CJB, D.I. 14, 15.)

## II.   SUMMARY OF THE ARGUMENT

1.   Defendants have not shown good cause why the litigation should not proceed pending the resolution of their Rule 12 Motions to Dismiss. The mere filing of dispositive motions, in particular motions based solely on Defendants' untested factual assertions, does not tip the balance of competing interests in favor of a stay. Kaavo is a practicing entity in direct competition with Defendants and, as such, has sought relief in the form of an injunction. Despite the early stage of Movants cases, any delay in the proceedings is likely to result in mere time shifting, rather than simplification, of the issues for trial. A stay will unduly prejudice Plaintiff,

---

[1] D.I. __ citations throughout this brief are to C.A. No. 1:14-cv-1193-LPS-CJB unless otherwise specified.
[2] Currently pending before the Court are four suits involving the '974 patent. In addition to the above filed cases on September 15, 2014, an earlier suit filed March 19, 2014 against Amazon.com, Inc. and Amazon Web Services, Inc. (C.A. No. 1:14-cv-353-LPS) is pending with initial claim construction briefs to be filed March 17, 2015.

while Defendants have not made a showing of hardship or inequity in being required to proceed.

### III. STATEMENT OF FACTS

The '974 patent, entitled "Cloud Computing Lifecycle Management for N-tier Applications," issued on September 18, 2012.

Kaavo's suits seeks monetary damages as well as injunctive relief against Defendants, who are direct competitors in the market for cloud computing network products and services. (D.I. 18)

### IV. LEGAL STANDARD

Courts have discretion to grant a stay under Rule 26(c), though stays are not favored and should be granted only upon a showing of "good cause" by the movant. *Coyle v. Hornwell Brewing Co.*, No. 08-2797 (JBS/JS), 2009 WL 1652399 (D.N.J. June 9, 2009) (citing *Landis v. North Am. Co.,* 299 U.S. 248, 254 (1936). "It is well settled that the mere filing of a dispositive motion does not constitute 'good cause' for issuance of a discovery stay." *Gerald Chamales Corp. v. Oki Data Americas, Inc.*, 247 F.R.D. 453 (D.N.J. Dec. 11, 2007).  In determining how to exercise its discretion with respect to a motion to stay, this Court generally weighs the relative burdens on the parties including the following factors:

> (1) whether the granting of a stay would cause the non-moving party to suffer undue prejudice from any delay or allow the moving party to gain a clear tactical advantage over the non-moving party; (2) whether a stay will simplify the issues for trial; and (3) whether discovery is complete and a trial date set.

*Apeldyn Corp. v. Sony Corp.*, 852 F. Supp. 2d 568, 575-76 (D. Del. 2012) (quoting *Enhanced Sec. Research, LLC v. Cisco Sys., Inc.* Civ. No. 09–571, 2010 WL 2573925 at *3 (D. Del. June 25, 2010).  Additionally, the Court has required the movant to "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else." *Landis* 299 U.S. at 255; *see also St. Clair Intellectual*

*Prop. Consultants, Inc. v. Fujifilm Holdings, Corp.*, No. 08-373-JJF-LPS, 2009 WL 192457 (D. Del. Jan. 27, 2009) (denying defendant's motion to stay in part because it did not make a clear case of hardship or inequity).

## V.     ARGUMENT

Defendants ask the Court to delay proceedings in these cases based on the mere fact that they have filed dispositive motions that challenge the patentability of a duly issued patent, which is presumed valid.  35 U.S.C. § 282; *Panduit Corp. v. Dennison Mfg., Co.*, 810 F.2d 1561, 1570 (Fed. Cir. 1987).  The balance of factors do not weigh in favor of a stay in these cases.

### A.     Kaavo Will Be Unduly Prejudiced By A Stay Granted To Its Direct Competitors

Kaavo and Movants are direct competitors in the marketplace for cloud computing network services and, Kaavo, therefore, has sought relief that includes a preliminary and permanent injunction.  Any delay to the resolution of the underlying infringement claims would constitute an ongoing harm and unduly prejudice Kaavo's ability to operate in the marketplace and would inure to the benefit of its competitors who would continue to make and sell the accused products and services. "Courts are generally reluctant to stay proceedings where the parties are direct competitors."  *Boston Scientific Corp. v. Cordis Corp.*, 777 F. Supp. 2d 783, 789-90 (D. Del. 2011).  "Of particular importance is the fact that [Plaintiff] and [Defendant] are direct competitors in the [product] market."  *Id.*; *see also Nidec Corp. v. LG Innotek Co. Ltd.*, Civil Action No. 6:07cv108, 2009 WL 367433 at *3-*4 (E.D. Tex. April 3, 2009) (holding plaintiff would be unduly prejudiced by the grant of a stay where defendants were direct competitors in the marketplace and plaintiff had sought injunctive relief); *ImageVision.Net, Inc. v. Internet Payment Exchange, Inc.*, No. 12–054-GMS-MPT, 2012 WL 5599338 at *4 (D. Del. Nov. 15, 2012) (noting the magistrate judge's consideration of the competitive relationship between the parties in weighing the prejudice factor).

3

> Courts have recognized that when the parties are direct competitors, there is a reasonable chance that delay in adjudicating the alleged infringement will have outsized consequences to the party asserting infringement has occurred, including the potential for loss of market share and an erosion of goodwill.

*SenoRx, Inc. v. Hologic, Inc.*, No. 12-173-LPS-CJB, 2013 WL 144255 at *7 (D. Del. Jan. 11, 2013).

Defendants direct the Court to two cases to support the proposition that a delay in this case would not unduly prejudice Kaavo. These cases are inapposite. The first concerned a patent dispute involving a non-practicing entity plaintiff and, therefore, did not involve a dispute between competitors in the marketplace. *See Enhanced Sec. Research*, 2010 WL 2573925 (noting that the plaintiff sought only money damages, which could be remedied regardless of the delay associated with a stay). The second concerned a contract dispute over a lease of copier equipment, and therefore, did not involve market competitors. *North Am. Commc'ns, Inc. v. InfoPrint Solutions Co., LLC*, Civil Action No. 3:08-288, 2011 WL 4571727 at *1 (W.D. Pa. July 13, 2011).

This factor weighs against a stay.

**B. A Stay Is Unlikely To Simplify The Issues For Trial**

Plaintiff's Opposition to Defendants' Rule 12 Motions (D.I. 26) explains why Defendants' arguments based only on untested factual assertions do not meet the clear and convincing burden of proof required to invalidate the claims of the patent-in-suit, each of which "carries an independent presumption of validity, 35 U.S.C § 282, and stands or falls independent of the other claims." *Continental Can Co. v. Monsanto Co.*, 948 F.2d 1264, 1266-67 (Fed. Cir. 1991) (citing *Altoona Publix Theatres, Inc. v. American Tri-Ergon Corp.*, 294 U.S. 477, 487 (U.S. 1935)). As such, the disposition of the Rule 12 motions is likely to result only in time-shifting the litigation schedule, rather than a simplification of the issues for trial.

4

This factor does not weigh in favor of a stay.

### C. Whether Discovery Is Complete And A Trial Date Has Been Set

While discovery has not yet commenced and no trial date has been set, this lone factor weighing in favor of a stay is not sufficient to grant Defendants' Motion. If it were, all patent cases would be stayed simply if a defendant asked quickly enough to do so.

### D. Defendants Do Not Show A Clear Case Of Hardship Or Inequity In Being Required To Go Forward

Kaavo has clearly indicated the harm it would suffer should a stay be granted. Conversely, Defendants have made no showing making out a clear case of hardship or inequity if the litigation continues unabated. While not a dispositive factor alone, "a showing of hardship or inequity is 'generally' needed to show that the balance of equities favors a stay." *Cooper Notification, Inc. v. Twitter, Inc.*, No. 09-865-LPS, 2010 WL 5149351 at *2 (D. Del. Dec. 13, 2010). Defendants do not make a clear case of hardship or inequity where, as here, the only prejudice argued by Defendants is added cost. *Id.* at *2, n.1.

This factor weighs against a stay.

## VI. CONCLUSION

For the foregoing reasons, the relevant factors do not weigh in favor of a stay and, therefore, Defendants' Motion should be denied.

5

Dated: February 20, 2015           STAMOULIS & WEINBLATT LLC

*/s/ Richard C. Weinblatt*
Stamatios Stamoulis #4606
Richard C. Weinblatt #5080
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

*Attorneys for Plaintiff*
*Kaavo Inc.*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 20, 2015, I electronically filed the above document(s) with the Clerk of Court using CM/ECF which will send electronic notification of such filing(s) to all registered counsel.

*/s/ Richard C. Weinblatt*
Richard C. Weinblatt #5080