IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KAAVO INC., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 14-1192-LPS-CJB |
| COGNIZANT TECHNOLOGY SOLUTIONS CORPORATION, | : | |
| Defendant. | : | |
| KAAVO INC., | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. 14-1193-LPS-CJB |
| TIER 3, INC., APPFOG, INC. and SAVVIS COMMUNICATIONS CORPORATION, | : | |
| Defendants. | : | |

## MEMORANDUM ORDER

WHEREAS, Magistrate Judge Burke issued a 34-page Report and Recommendation (the "Report") (C.A. No. 14-1192, D.I. 35; C.A. No. 14-1193, D.I. 42), dated February 5, 2016, recommending that Defendant Cognizant Technology Solutions Corporation's ("Cognizant") Motion for Judgment on the Pleadings (C.A. No. 14-1192, D.I. 14) and Defendants Tier 3, Inc., Appfog, Inc., and Savvis Communications Corporation's (together with Cognizant, "Defendants") Motion to Dismiss for Failure to Allege Infringement of a Patentable Claim Under 35 U.S.C. § 101 ("Motion to Dismiss") (C.A. No. 14-1193, D.I. 19) (collectively, "the Motions")

1

be granted as to claims 1, 12, 13, 24, and 35 of U.S. Patent No. 8,271,974 (the "'974 patent") and denied without prejudice as to the remaining dependent claims;

WHEREAS, on February 19, 2016, Defendants objected to the Report ("Defendants' Objections") (C.A. No. 14-1192, D.I. 38; C.A. No. 14-1193, D.I. 45), and specifically objected to the Report's conclusion that the other dependent claims of the '974 patent should not be assessed for patent eligibility until summary judgment, given the parties' lack of attention to them;

WHEREAS, on February 22, 2016, Plaintiff Kaavo Inc. ("Plaintiff") also objected to the Report ("Plaintiff's Objections") (C.A. No. 14-1192, D.I. 39; C.A. No. 14-1193, D.I. 46), and specifically objected to (1) the Report's conclusion that Defendants overcame any applicable presumption of validity, in light of the Report's rejection of Defendants' broader articulations of the abstract idea in this case; (2) the Report's treatment of the Second Amended Complaint's ("SAC") factual allegations under the standards required for a motion pursuant to Rule 12(b)(6); (3) the Report's conclusion – based on its characterization of the steps involved in claim 1 as "determining an initial cloud environment based on user specifications" and "establishing that environment with the desired functionality" – that independent claim 1 is drawn to the abstract idea of "setting up and managing a cloud computing environment"; and (4) the Report's conclusion that these claims lack an inventive concept and, thus, its recommendation that the Motions be granted with respect to claims 1, 12, 13, 24, and 35;

WHEREAS, on March 4, 2016, Plaintiff responded to Defendants' Objections (C.A. No. 14-1192, D.I. 40; C.A. No. 14-1193, D.I. 47), arguing that the Report "rightly recognizes that Defendants' superficial arguments directed to the dependent claims do not support granting a motion to dismiss," and that "Defendants have made no argument that any claim is representative

of the dependent claims, so allowing them to make this new, *post hoc* argument would violate Rule 12(h)" (*id.* at 2-3);

WHEREAS, on March 10, 2016, Defendants responded to Plaintiff's Objections (C.A. No. 14-1192, D.I. 41; C.A. No. 14-1193, D.I. 49), arguing that (1) "[t]he Report's slight alteration of the abstract idea presented by Defendants does not change the fact that the claims at issue are directed to an abstract idea" (*id.* at 3); (2) the Report correctly found that the SAC's factual allegations "consisted of a number of legal conclusions (which the Court is not required to accept as true) and that the remaining allegations were devoid of plausible factual support for the legal conclusions" (*id.* at 4); (3) the Report adequately considered all claim limitations in correctly arriving at the abstract idea of "setting up and managing a cloud computing environment" (*id.* at 5-6); and (4) Plaintiff's new argument in support of finding an inventive concept should be rejected and, thus, the Report's recommendation with respect to independent claims 1, 13, 24, and 35 as well as dependent claim 12 should be adopted (*see id.* at 7-10);

WHEREAS, the Court has considered Defendant's motions *de novo*, as they present case-dispositive issues, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3), and has further reviewed all of the pertinent filings;

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Defendants' Objections (C.A. No. 14-1192, D.I. 38; C.A. No. 14-1193, D.I. 45) are OVERRULED, Plaintiff's Objections (C.A. No. 14-1192, D.I. 39; C.A. No. 14-1193, D.I. 46) are OVERRULED, Judge Burke's Report (C.A. No. 14-1192, D.I. 35; C.A. No. 14-1193, D.I. 42) is ADOPTED in all respects, and Defendants' Motions (C.A. No. 14-1192, D.I. 14; C.A. No. 14-1193, D.I. 19) are GRANTED as to claims 1, 12, 13, 24, and 35 of the '974 patent and

DENIED WITHOUT PREJUDICE to renew in connection with motions for summary judgment as to all remaining dependent claims of the '974 patent.

2. With respect to the Report's articulation of a narrower abstract idea than the one proposed by Defendants, this is an issue of law, and one on which the Court agrees with the Report. The Report concludes that claims 1, 12, 13, 24, and 35 are drawn to the abstract idea of "setting up and managing a cloud computing environment" – a somewhat narrower abstract idea than the ones articulated by Defendants (which were "resource management in a computing environment" (C.A. No. 14-1192, D.I. 14 at 3) and "setting up and managing a computing environment" (C.A. No. 14-1193, D.I. 20 at 7)). The Court need look only to the claim language to reach this conclusion. There is no inappropriate shifting of the burden of production to Plaintiff because interpreting the claim language is an issue of law. *See In re Bilski*, 545 F.3d 943, 951 (Fed. Cir. 2008), *aff'd sub nom. Bilski v. Kappos*, 951 U.S. 593 (2010).

3. The Report correctly applied the standards applicable to a Rule 12(b)(6) motion in finding that the allegations in paragraphs 15-17 of the SAC (*see* C.A. No. 14-1193, D.I. 18 at ¶¶ 15-17) amounted to nothing more than legal conclusions or restatements of the claim language, both of which need not be taken as true and are inadequate evidence of an inventive concept. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Similarly, with respect to the allegation in paragraph 18 of the SAC that in an alternative to the claimed invention, "additional resources can simply be allocated in the first instance, allowing for expansion of the application without adjusting the cloud environment" (C.A. No. 14-1193, D.I. 18 at ¶ 18), the Report appropriately recognizes that "this allegation in the SAC, at the very

most, establishes that claim 1 may not preempt an entire field" (C.A. No. 14-1192, D.I. 35 at 27; C.A. No. 14-1193, D.I. 42 at 27), which does not demonstrate patent eligibility here. *See Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, 788 F.3d 1371, 1379 (Fed. Cir. 2015) ("While preemption may signal patent ineligible subject matter, the absence of complete preemption does not demonstrate patent eligibility.").

    4.    The Report's characterization of the steps involved in claim 1 – which underlie the Report's formulation of the abstract idea – is not overly simplistic and does not ignore claim language in step 1 (requiring that "the requested initial cloud environment is not yet instantiated and is an N-tier computing environment"), step 2 (requiring "sending an initializing event based on the requested initial cloud environment, where the initialization event is configured to cause an initial cloud environment configuration to be made available to an application"), or in step 3 (requiring "sending application data that is configured to cause the application to begin execution in the initial cloud environment configuration"). ('974 patent at col. 18 ll. 47-54) The Report accurately characterizes step 1 as "determining an initial cloud environment based on user specifications" (C.A. No. 14-1192, D.I. 35 at 14 n.9; C.A. No. 14-1193, D.I. 42 at 14 n.9), which is captured in the abstract idea's language of "setting up the cloud computing environment," particularly in light of Plaintiff's own highly general definitions of "tier" as "a logical grouping of implements directed to a general-type functionality" and "N-tier" as "one or more tiers" (C.A. No. 14-1192, D.I. 34 at 42-43; C.A. No. 14-1193, D.I. 41 at 42-43). Similarly, the Report's characterization of steps 2 and 3 as "establishing that environment with the desired functionality" (C.A. No. 14-1192, D.I. 35 at 14 n.9; C.A. No. 14-1193, D.I. 42 at 14 n.9) – as those steps provide no further detail on the hardware or software used or how the data is sent or configured

to cause the application to begin – is also captured by the abstract idea's language of "setting up the cloud computing environment."

5. Nor do step 2 and 3's requirements provide the inventive concepts needed to impart patentability on claim 1.[1] *See Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2357 (2014) ("Simply appending conventional steps, specified at a high level of generality, [is] not enough to supply an inventive concept") (internal quotation marks and citation omitted). In any case, the Court agrees with Defendants that neither steps 2 or 3 of claim 1 provides the requisite inventive concept, and the prosecution history – i.e., the Examiner's reliance on these elements in assessing novelty (*see* C.A. No. 14-1192, D.I. 39 Ex. B at 17; C.A. No. 14-1193, D.I. 46 Ex. B at 17) – does not compel a contrary conclusion. *See generally IpLearn v. K12 Inc.*, 76 F. Supp. 3d 525, 534 (D. Del. 2014) ("A new idea, i.e., one that is non-anticipated and non-obvious, does not, however, make an abstract idea patent eligible.").

6. Judge Burke neither erred nor abused his discretion in finding that he lacked an adequate basis at present to assess the patentability of the remaining dependent claims of the '974 patent. Should Defendants seek leave to file an early motion for summary judgment to address the patentability of these remaining dependent claims, they must do so pursuant to the procedures set forth in the Scheduling Order and the Local Rules. Whether to grant such leave (if sought), and how these matters should proceed more generally, are issues that are REFERRED to Judge

---

[1] Plaintiffs' argument to this effect was not presented to Judge Burke and, therefore, need not be considered. *See Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 377 (D. Del. 2014) ("[W]ith limited (if any) exception, parties objecting to a Magistrate Judge's report or order are required to adhere to the arguments, evidence, and issues they presented first to the Magistrate Judge."). The Report's adoption of a narrower abstract idea than the one proposed by Defendants does not excuse Plaintiff's failure to raise all of its arguments related to the existence of an inventive concept.

Burke for resolution.

7. Given the detailed reasoning provided in the Report, and given that the parties have not raised any further arguments that are not adequately addressed in Judge Burke's Report, the Court finds it unnecessary to address Defendant's Motions (C.A. No. 14-1192, D.I. 14; C.A. No. 14-1193, D.I. 19), Defendants' Objections (C.A. No. 14-1192, D.I. 38; C.A. No. 14-1193, D.I. 45), or Plaintiff's Objections (C.A. No. 14-1192, D.I. 39; C.A. No. 14-1193, D.I. 46) any further.

March 31, 2016
Wilmington, Delaware

HON. LEONARD P. STARK
UNITED STATES DISTRICT JUDGE